STEVEN G. KALAR
Federal Public Defender
Northern District of California
SOPHIA WHITING
Assistant Federal Public Defender
19th Floor Federal Building - Box 36106
450 Golden Gate Avenue
San Francisco, CA 94102
Telephone:   (415) 436-7700
Facsimile:   (415) 436-7706
Email:       Sophia_Whiting@fd.org

Counsel for Defendant Salazar

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | **Case No.:** CR 20–307 EMC |
| Plaintiff, | **DEFENDANT'S SENTENCING MEMORANDUM** |
| v. | |
| RUFINO SALAZAR, | |
| Defendant. | |

## INTRODUCTION

Rufino Salazar has successfully been on pretrial release after spending 47 days in pretrial custody at Santa Rita Jail during the COVID-19 pandemic. He has not incurred a single violation while on release, despite strict conditions, including location monitoring. He promptly accepted responsibility for his involvement in low-level drug dealing on the street, by entering a pre-indictment plea agreement with the government. The government agrees that a below-guidelines sentence is appropriate in this case. Since Mr. Salazar has proven he can successfully remain out of custody and compliant with supervision, the appropriate sentence is time served and three years of supervised release. A sentence of time served is especially appropriate in light of the COVID-19 pandemic, since further incarceration poses an unnecessary risk to Mr. Salazar's health.

**BACKGROUND**

Rufino Salazar was born on June 1, 1990, in a small village in Francisco Morazán, Honduras. He grew up sharing a single room with five siblings and his parents. His family did not have enough food or clothing; they lacked even basic necessities. When Mr. Salazar was eight years old, his father left the family, never to be seen again. Mr. Salazar was unable to attend school past sixth grade. At just 12 years old, he began working in welding to provide for his family.

Given his family's desperate circumstances in Honduras, at 16 years old, Mr. Salazar took the arduous journey north in search of employment. He traveled alone by train and foot for more than a month, including nearly two weeks walking across the desert. When he finally arrived in the United States, he did his best to find legitimate employment. However, he was very young, uneducated, and living in the streets without any support system. He worked as a day laborer, but could not make ends meets. In his desperation, he regrettably became involved with drugs.

On May 26, 2020, police officers observed Mr. Salazar engage in a small street-level drug transaction, and the officers found additional drugs during his arrest. Since he happened to be arrested after the government began their Federal Initiative for The Tenderloin ("FITT"), the government filed a federal indictment charging Mr. Salazar with drug distribution. He was arrested on the federal warrant on June 26, 2020. On August 11, 2020, after weeks of quarantine in the jail, he was finally released to his friend Josue Velasquez's home. Since then, he has successfully been on location monitoring. Mr. Salazar is focused on rehabilitation and avoiding any future misconduct. He feels he now has a support system to help him succeed and the motivation not to end up back on the street.

**DISCUSSION**

**I.   The Sentencing Guidelines (18 U.S.C. § 3553(a)(4))**

Mr. Salazar agrees with the government and U.S. Probation that the applicable U.S. Sentencing Guideline range is 8 to 14 months, based upon Offense Level 10 and Criminal History Category II. Mr. Salazar does note that his most recent prior conviction is from 2011 for *misdemeanor* evading immigration inspection. Since the applicable guideline range is in Zone B, the Sentencing Guidelines explicitly contemplate alternatives to imprisonment. U.S.S.G. § 5C1.1(c)(3).

Although the Court must remain mindful of the Sentencing Guidelines recommendation, the

advisory Guideline range is not presumptively reasonable and it cannot be given any more or less weight than any other factor listed in section 3553(a). *United States v. Autery*, 555 F.3d 864, 872 (9th Cir. 2009); *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008). The court's paramount concern must be to "'impose a sentence sufficient, but not greater than necessary' to reflect the seriousness of the offense, promote respect for the law, and provide just punishment; to afford adequate deterrence; to protect the public; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment." *Carty*, 520 F.3d at 991. A sentence of time served, followed by three years of supervised release, best aligns with the goals and factors of section 3553(a) for the following reasons.

## II. The Nature and Circumstances of the Offense and Mr. Salazar's History Warrant a Downward Departure (18 U.S.C. § 3553(a)(1))

As detailed in the Background section above, the circumstances surrounding the offense and the characteristics of Mr. Salazar's difficult background counsel a downward variance from the advisory range. *See* 18 U.S.C. § 3553(a)(1). He came to this country alone as a teenager, when he should have still been in the care of his family. He has previously found gainful employment, and his prior convictions are very remote. Yet his difficult financial and personal circumstances led to his terrible mistake in this case. He relates these circumstances not to minimize his conduct, but to provide context for it. Those circumstances have changed now that he is living with his friend Mr. Velasquez and Mr. Velasquez's family. He now has a stable place to call home and the structure he needs to succeed.

## III. A Downward Departure is Appropriate to Reflect the Severity of the Offense (18 U.S.C. § 3553(a)(2)(A))

Furthermore, a downward departure is warranted because this is a less serious offense compared with other federal crimes. *See* 18 U.S.C. § 3553(a)(2)(A). While Mr. Salazar takes responsibility for his criminal conduct in the instant offense and recognizes that selling any amount of drugs negatively impacts public health, the scope of his offense should be viewed in relation to other federal cases. The fact is that a hand-to-hand drug sale on the street with no aggravating factors is a minor offense compared to the vast majority of federal prosecutions, including drug prosecutions. For the most part, street-level drug offenses generally would not be prosecuted in federal court; to the

contrary, federal drug cases normally present more serious facts, such as substantially larger quantities of controlled substances, possession and/or use of firearms or other weapons, or an organized drug trafficking operation. In comparison, the offense in Mr. Salazar's case is relatively minor.

### IV. Adequate Deterrence and Public Protection is Accomplished with a Sentence of Probation (18 U.S.C. § 3553(a)(2))

Mr. Salazar also respectfully contends that a sentence of time served, given his time in custody and his performance on pretrial release, provides sufficient deterrence and public protection. The 47 days Mr. Salazar did spend in custody were harrowing, as he spent them in Santa Rita Jail during a COVID-19 outbreak. He spent the vast majority of the nearly seven weeks that he was in custody under quarantine, constantly concerned that he could be the next person infected. He had no access to programming or recreational spaces, and was not even permitted to appear for Court. Mr. Salazar has proven through his compliance on pretrial release that he has learned from his mistake and can be trusted in the community, especially given that he will be under close federal supervision by the U.S. Probation Office.

### V. A Sentence of Time Served is Appropriate Given the Sentences Available (18 U.S.C. § 3553(a)(3))

As previously noted, Mr. Salazar is in Zone B of the guidelines, which explicitly contemplates alternatives to imprisonment. Furthermore, sending Mr. Salazar back to Santa Rita Jail, where his health is at direct risk from the COVID-19 pandemic, is not a suitable alternative. In light of the guidelines and the unique circumstances, a sentence of time served and three years of supervised release is the most appropriate sentence available.

## CONCLUSION

For the aforementioned reasons, Mr. Salazar respectfully requests the Court sentence him to time served and three years of supervised released.

| | |
|---|---|
| Dated:    August 19, 2020 | Respectfully submitted,<br><br>STEVEN G. KALAR<br>Federal Public Defender<br>Northern District of California<br><br>                /S                                              <br>SOPHIA WHITING<br>Assistant Federal Public Defender |

DEFENDANT'S SENTENCING MEMORANDUM
*SALAZAR*, CR 20–307 EMC